**9000**
**McCABE, WEISBERG & CONWAY, P.C.**
By:  Alexandra T. Garcia, Esquire (Atty. I.D.# ATG4688)
216 Haddon Ave., Suite 303
**Westmont, NJ 08108**
Attorneys for Movant: Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Camden Vicinage**

| | |
|---|---|
| In re: | Case No.: 09-24618 |
| Patrick J. Monaghan<br>Cathaline E. Monaghan | Chapter:  13 |
| | Hearing Date:  August 16, 2011 at 10:00 a.m. |
| | Judge:  Gloria M. Burns |

**CERTIFICATION OF COUNSEL
IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY
PURSUANT TO 11. U.S.C. §362**

The undersigned, attorney for Movant, Wells Fargo Bank, N.A., does hereby certify:

1. I am an attorney at law of the State of New Jersey and an associate with the law firm of McCabe, Weisberg & Conway, P.C.

2. Movant is Wells Fargo Bank, N.A.

3. Debtors are the owners of premises, hereinafter known as the mortgaged premises, located at: 20 Duke Drive, Sicklerville, NJ 08081.

4. Debtors filed the instant Chapter 13 case on June 5, 2009.

5. Movant is the holder of a mortgage which is a first lien on the mortgaged premises. A copy of the Mortgage is attached hereto.

6. Movant has instituted or wishes to institute foreclosure proceedings on the mortgage because of Debtors' failure to make the monthly payments required thereunder.

7. The foreclosure proceedings filed or to be instituted were stayed by the filing of the instant Chapter 13 Petition.

8. Debtors have failed to make payments to discharge the arrearages on said mortgage and/or have failed to make the current monthly payments on said mortgage since the filing of the Chapter 13 Petition. Such defaults include failure to make payments as shown in the Certification of Post-Petition Payment History submitted herewith.

9. Movant is entitled to relief from the automatic stay because of the post-petition default and because (a) adequate protection of the interest of Movant is lacking; and/or (b) Debtors have inconsequential or no equity in the premises, which is not necessary to an effective reorganization or plan.

10. Movant requests relief from the stay for cause to allow Movant to proceed with its state law remedies up to and including eviction proceedings.

11. Movant has cause to have relief from the Automatic Stay effective immediately and such relief should not be subject to the fourteen (14) day stay period set forth in Bankruptcy Rule 4001(a)(3), as Movant will incur substantial additional costs and expenses by the imposition of said fourteen (14) day period.

12. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

McCABE, WEISBERG & CONWAY, P.C.

/s/ Alexandra T. Garcia
Alexandra T. Garcia, Esquire

Date: July 20, 2011